IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SYNGENTA SEEDS, INC., ET AL., | ) | CIV. NO. 14-00014 BMK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS FOR LACK |
| vs. | ) | OF JURISDICTION OR, IN THE |
| | ) | ALTERNATIVE, FOR JUDGMENT |
| COUNTY OF KAUAI, | ) | ON THE PLEADINGS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE,
FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant County of Kauai's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Judgment on the Pleadings (Doc. 63). The Court heard this Motion on July 23, 2014. After careful consideration of the Motion, the supporting and opposing papers, and the arguments of counsel, the Court finds that it has federal question and diversity jurisdiction over this case and that the State of Hawaii is not a required party.

INTRODUCTION

In this action for declaratory and injunctive relief, Plaintiffs[1] challenge Kauai County Code Article 23 of Chapter 22, entitled "Pesticides and Genetically

---

[1] Plaintiffs are Syngenta Seeds, Inc., Syngenta Hawaii LLC, Pioneer Hi-Bred International, Inc., Agrigenetics, Inc., and BASF Plant Science LP.

Modified Organisms" ("the Ordinance"),[2] and assert the following Claims:

| Claim 1 | Lack of Authority and Preemption of the Pesticide Provisions of Bill 2491 Under State Law |
|---|---|
| Claim 2 | Federal Preemption of Disclosure of Use of Restricted Use Pesticides and Worker Protection Standard Under the Supremacy Clause |
| Claim 3 | Federal Preemption of the Provisions of Bill 2491 Relating to GMOs Under the Supremacy Clause |
| Claim 4 | Violation of Equal Protection |
| Claim 5 | Violation of Due Process |
| Claim 6 | Violation of Hawaii Constitutional Ban on Taking or Damaging Private Property Without Compensation |
| Claim 7 | Violation of the Dormant Commerce Clause |
| Claim 8 | Unconstitutional Interference with the Conduct of Foreign Affairs |
| Claim 9 | Pesticide and GMO Disclosure Requirements Violate the Hawaii Uniform Trade Secrets Act (HRS Chapter 482b) |
| Claim 10 | Violation of Limits on Power to Regulate Use of Hawaii State Lands and Enact Special Legislation |
| Claim 11 | Violations of the Kauai County Charter |
| Claim 12 | Violation of Hawaii State Law Requirements for Imposition of Civil Fines |
| Claim 13 | Violation of HRS Chapter 92 |

---

[2] The parties refer to this Ordinance as Bill 2491, Ordinance 960, and Article 22 of Chapter 22.

Plaintiffs seek entry of (1) a judgment "declaring Bill 2491 to be invalid under the Constitutions and laws of the United States and the State of Hawaii, and the Charter of the County of Kauai" and (2) "a preliminary and permanent injunction enjoining the County and its various agents and employees from enforcing Bill 2491 against Plaintiffs or any other commercial agricultural company or similarly situated business." (First Amended Complaint "FAC" at 71.) Plaintiffs also pray for reasonable attorneys' fees and costs. (Id.) Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1337(a), 1343(a)(3), and 1367(a). (FAC ¶¶ 9-11.)

## DISCUSSION

I. Federal Question Jurisdiction Under 28 U.S.C. § 1331

Defendant contends that this Court has no federal question jurisdiction over Plaintiffs' lawsuit because Plaintiffs' "claims implicate federal law only by way of anticipated defenses to an anticipated enforcement action." (Doc. 63 at 12.) Defendant posits that, "in the absence of any enforcement effort, Plaintiffs would have no basis for asserting any of the federal issues" in this case. This Court disagrees and concludes that Plaintiffs' federal constitutional and preemption claims confer federal question jurisdiction.

"[F]ederal jurisdiction exists only when a federal question is presented

on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[A] federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009). The federal question on which jurisdiction is premised "cannot be supplied via a defense." Id. Where a complaint does not present a federal question on its face or as artfully pled, the Court lacks federal question jurisdiction. See Mission Prop. Partners LLC v. Taylor, CV 13-08475 MMM (PJWx), 2013 WL 6860711, at *3 (C.D. Cal. 2013).

On its face, Plaintiffs' First Amended Complaint alleges federal constitutional claims that confer this Court with federal question jurisdiction. "It is well established that federal courts have jurisdiction to provide equitable relief to protect rights safeguarded by the Constitution." Clinton v. Babbitt, 180 F.3d 1081, 1087 (9th Cir. 1999) (citing Bell v. Hood, 327 U.S. 678, 687 (1946)). In Claims 4 and 5, Plaintiffs assert violations of their equal protection rights and due process rights under the Fourteenth Amendment of the United States Constitution. (FAC ¶¶ 119-33.) In Claim 7, Plaintiffs assert violations of the Dormant Commerce Clause in Article 1, Section 8, Clause 3 of the U.S. Constitution, and in Claim 8, they allege an unconstitutional interference with the conduct of foreign affairs under the

4

Constitution. (FAC ¶¶ 142-54.)

The face of Plaintiffs' First Amended Complaint also asserts claims of federal preemption under the Supremacy Clause. (FAC ¶¶ 91-118.) The parties dispute whether these preemption claims confer federal jurisdiction. As discussed below, Ninth Circuit case law makes clear that federal courts have jurisdiction to hear preemption claims for injunctive relief brought under the Supremacy Clause.

In <u>Independent Living Center of Southern California v. Shewry</u>, 543 F.3d 1050, 1058 (9th Cir. 2008), the Ninth Circuit reaffirmed that plaintiffs may seek injunctive relief under the Supremacy Clause on the basis of federal preemption. In that case, the plaintiffs were medical service providers and beneficiaries under California's Medicaid program, known as Medi-Cal. <u>Id.</u> at 1052. The plaintiffs filed suit in state court, seeking to enjoin implementation of state legislation that would reduce payments to medical service providers under Medi-Cal by ten percent. <u>Id.</u> at 1052-53. They claimed that the state legislation was preempted by the Medicaid Act under the Supremacy Clause and therefore invalid. <u>Id.</u> The state defendants removed the suit to federal court, where the district court denied the plaintiffs' motion for preliminary injunction. <u>Id.</u> at 1054. On appeal, the Ninth Circuit decided "whether [the plaintiffs] may maintain a valid cause of action to enjoin implementation of [the state legislation] on the basis of

federal preemption." Id. at 1055.

The Ninth Circuit began by noting that "none of the [Supreme] Court's seminal preemption cases casts any doubt on the presumptive availability of declaratory and injunctive relief under the Supremacy Clause; to the contrary, the Court has consistently assumed – without comment – that the Supremacy Clause provides a cause of action to enjoin implementation of allegedly unlawful state legislation." Id. at 1055-56 (noting the "general rule that a plaintiff seeking to enjoin state law based on federal preemption maintains a valid federal cause of action"). The Ninth Circuit quoted the Supreme Court's decision in Shaw v. Delta Air Lines, Inc.:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. <u>A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve</u>.

Id. at 1056-57 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n.14 (1983) (footnote omitted) (emphasis added)). The Ninth Circuit added that federal courts have jurisdiction over Supremacy Clause claims for injunctive relief "regardless of whether the federal statute at issue confers any substantive rights on would-be plaintiffs." Id. at 1062. The Ninth Circuit ultimately concluded that the plaintiffs

6

in that case "maintain[ed] a valid cause of action under the Supremacy Clause to assert [their] claim for injunctive relief." Id. at 1066.

Like in Independent Living Center of Southern California, 543 F.3d at 1053, Plaintiffs in the instance action seek to enjoin implementation of the Ordinance, arguing that it conflicts with federal law and is therefore invalid under the Supremacy Clause. Plaintiffs assert in Claim 2 that the disclosure of use of restricted use pesticides and the worker preemption standard in the Ordinance are preempted under the Supremacy Clause. (FAC ¶¶ 91-103.) Claim 3 asserts that provisions of the Ordinance relating to GMOs are also preempted under the Supremacy Clause. (FAC ¶¶ 104-18.) Plaintiffs' federal preemption claims are brought as direct causes of action, not as defenses to a future enforcement action as suggested by Defendant.

In accordance with Independent Living Center of Southern California, 543 F.3d at 1056-57, Plaintiffs' federal preemption claims under the Supremacy Clause for injunctive relief, as well as their federal constitutional claims, confer this Court with federal question jurisdiction under 28 U.S.C. § 1331. 543 F.3d at 1056-57 (quoting Shaw, 463 U.S. 85, 96 n.14); see also Indep. Training & Apprenticeship Program v. Cal. Dep't of Indus. Relations, 730 F.3d 1024, 1032 (9th Cir. 2013) (concluding that "federal subject-matter jurisdiction exists" over "a

preemption claim for declaratory and injunctive relief"); Clinton, 180 F.3d at 1087 ("It is well established that federal courts have jurisdiction to provide equitable relief to protect rights safeguarded by the Constitution."). Therefore, the Court concludes that it has federal question jurisdiction over this action.

II. Diversity Jurisdiction Under 28 U.S.C. § 1332

Defendant also contends that this Court lacks diversity jurisdiction, arguing that the "amount in controversy appears not to meet the threshold amount of $75,000 for each Plaintiff." Doc. 63 at 17. Defendant contends that, because "Plaintiffs are already performing these actions pursuant to the Good Neighbor Program, any related economic burden will result, if at all, from their compliance with that program." (Id. at 18.)

A federal court has diversity jurisdiction over an action "if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs."[3] Geographic Expeditions v. Estate of Lhotka, 599 F.3d at 1102, 1106 (9th Cir. 2010). In Geographic Expeditions, the Ninth Circuit clarified the standard for determining whether the amount in controversy has been met in cases originally filed in federal court:

> Where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the

---
[3] It is undisputed that the parties are citizens of different states.

> pleadings." Crum [v. Circus Circus Enters.], 231 F.3d
> [1129,] 1131 (9th Cir. 2000). The amount in controversy
> alleged by the proponent of federal jurisdiction – typically
> the plaintiff in the substantive dispute – controls so long as
> the claim is made in good faith. Id. "To justify
> dismissal, it must appear to a legal certainty that the claim
> is really for less than the jurisdictional amount." Id.
> (internal quotation omitted). This is called the "legal
> certainty" standard, which means a federal court has
> subject matter jurisdiction unless "upon the face of the
> complaint, it is obvious that the suit cannot involve the
> necessary amount."

Id.[4]

Plaintiffs originally filed this lawsuit in federal court. Therefore, "the amount in controversy is determined from the face of the pleadings" and the amount alleged by Plaintiffs "controls so long as the claim is made in good faith." Id. In the First Amended Complaint, Plaintiffs allege that "[t]he amount in controversy exceeds $75,000, exclusive of costs, for each Plaintiff because the cost of compliance with Bill 2491 for each Plaintiff will greatly exceed that amount." (FAC ¶ 10.) Defendant makes no assertion that this allegation was not made in good faith and, consequently, Plaintiffs' statement regarding the amount in controversy "controls" unless it appears to a "legal certainty that the claim is really

---

[4] Unlike in cases originally filed in federal court, the standard differs for cases that have been removed to federal court. In such cases, "the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." Geographic Expeditions, 599 F.3d at 1106-07.

for less than the jurisdictional amount." Geographic Expeditions, 599 F.3d at 1106-07.

Defendant argues that Plaintiffs' participation in the voluntary Good Neighbor Program "defeats the assertion of damages." (Doc. 63 at 20.) Defendant posits that Plaintiffs already comply with the buffer zone and disclosure requirements of the Good Neighbor Program. (Id. at 20-21.) Consequently, Defendant argues that "any economic impact of disclosure, to the extent it exists, is causally connected to the Good Neighbor Program, not the Ordinance." (Id.) However, although there is some overlap with the requirements of the Good Neighbor Program and the Ordinance, the buffer zone and disclosure requirements of the Ordinance are broader. (Doc. 96 at 5-6; see also Doc. 63 at Exhibit A & B; compare Doc. 63 at Exhibit B with the Ordinance.) Further, compliance with the Good Neighbor Program is voluntary and will be conducted "over a one year period" whereas the Ordinance is expected to extend into perpetuity. (Doc. 63 at Exhibit B.)

Moreover, each of the Plaintiffs submitted Declarations stating that "the future costs of complying with Bill 2491 – including its buffer-zone, notice, and reporting requirements – will burden the company with additional operating expenses" and that the "productivity lost as a result of the buffer zones . . . will cause

[each Plaintiff] to lose the use of productive land and to incur costs maintaining buffer zones in accordance with the requirements of the Bill." (Doc. 96 at Kai Decl'n ¶4, Lupkes Decl'n ¶ 4, Wiederoder Decl'n ¶ 4, McCormack Decl'n ¶ 4.) Each Plaintiff expressly declares that the "cumulative negative economic impacts . . . related to compliance with Bill 2491 will, over time, exceed $75,000." (Id.) Therefore, the "face of the pleadings" as well as the evidence before the Court establishes that the amount in controversy has been met. See Geographic Expeditions, 599 F.3d at 1106-07. The Court is not convinced to a legal certainty that the amount in controversy is $75,000 or less and, accordingly, the Court concludes that it has diversity jurisdiction over this case under 28 U.S.C. § 1332.[5] See id. at 1108.

    III.    The State of Hawaii is Not a Required Party Under FRCP Rule 19

Defendant also argues that, even if the Court were to find that subject matter jurisdiction exists over this action, "judgment on the pleadings would nevertheless be warranted because the State of Hawaii is a required party that cannot be joined based on its Eleventh Amendment immunity." (Doc. 63 at 23-24.) Defendant interprets Claim 10 as asserting "that the Ordinance interferes with the State's ownership rights . . . [and] the terms of the lease[s] between the Plaintiffs and

---

[5] In light of this Court's conclusion that it has federal question jurisdiction as well as diversity jurisdiction over this case, the Court declines to address Defendant's contentions regarding jurisdiction under 28 U.S.C. § 1337(a) and §1343(a)(3). (Doc. 63 at 15-17.)

11

the State." (Id. at 25.) Defendant posits that this Claim alleges a "contractual interest" by the State, which requires the State to be a party under Rule 19 of the Federal Rules of Civil Procedure. (Id.)

FRCP Rule 19 sets forth the framework regarding required parties. In Alto v. Black, 738 F.3d 1111, 1125-26 (9th Cir. 2013), the Ninth Circuit reiterated the three-step inquiry for compulsory joinder:

> The first step in compulsory joinder analysis is to determine whether the [party] is a required party to the action. Joinder of the [party] is "required" if either: (1) the court cannot accord "complete relief among existing parties" in the [party's] absence, or (2) proceeding with the suit in its absence will "impair or impede" the [party's] ability to protect a claimed legal interest relating to the subject of the action, or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." We examine each factor in turn. Only if we determine that the [party] is a required party do we proceed to the second Rule 19 inquiry: whether joinder is feasible, or is barred by sovereign immunity. Finally, only if joinder is impossible must we determine whether, in "equity and good conscience," the suit should be dismissed. This determination is necessarily fact- and circumstance- specific.

Id. at 1125-26 (citations omitted).

Pursuant to Alto, 738 F.3d at 1125-26, this Court must first determine whether the State of Hawaii is a required party. The State is a required party if "(1) the court cannot accord complete relief among existing parties in the [party's]

12

absence, or (2) proceeding with the suit in its absence will impair or impede the [party's] ability to protect a claimed legal interest relating to the subject of the action, or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Id. at 1125-26 (internal quotations omitted). Defendant does not argue that the Court cannot accord complete relief in the State's absence or that proceeding without the State will subject an existing party to substantial risk. Rather, Defendant argues that "the State has legally cognizable interests that may be impacted here." (Doc. 63 at 27.) Specifically, Defendant identifies the State's "contractual interest" in Plaintiffs' leases as the legal interest that may be impaired by proceeding without the State as a party. (Id. at 25.)

When contractual rights may be affected by the outcome of a lawsuit, parties to the contract are required parties. Indeed, "no procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." Dawavendewa v. Salt River Project Agr. Imp. & Power Dist., 276 F.3d 1150, 1157 (9th Cir. 2002) (brackets omitted). Further, it is a "fundamental principle" that "a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." Id.; see also Clinton

v. Babbitt, 180 F.3d 1081, 1088 (9th Cir. 1999) ("[A] district court cannot adjudicate an attack on the terms of a negotiated agreement without jurisdiction over the parties to that agreement."). Inversely, where a lawsuit does not seek to set aside a contract, attack the terms of a contract, or decimate a contract, a party to that contract is not a required party under Rule 19. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 881 (9th Cir. 2004) (concluding that a party to a contract is not a necessary party under Rule 19 where the "suit is not an action to set aside a contract, an attack on the terms of a negotiated agreement, or litigation seeking to decimate a contract" (brackets and internal quotation marks omitted)).

In the present case, some of the property Plaintiffs use for seed production is owned by the State of Hawaii. (FAC ¶ 161.) Plaintiffs entered into leases with the State for use of its land. In Claim 10, Plaintiffs assert that, insofar as the Ordinance regulates Plaintiffs' use of State land, it violates Article XI, § 5 of the Hawaii Constitution, which states that all legislative power over lands owned by the State shall be exercised only by general laws. (Id. ¶¶ 160-63.) Importantly, this Claim does not seek to set aside, attack the terms of, or decimate any of the leases between Plaintiffs and the State. The Court agrees with Plaintiffs' statement: "If Plaintiffs prevail [in this action], the County's ordinance will be set aside as illegal, and the leases will continue in force. If the County prevails, the Ordinance will be

14

upheld, and the leases would still continue in force . . . .  In short, regardless of the outcome of this action, the lease of land to Plaintiffs will be unaffected."  (Doc. 96 at 22; see also Doc. 96 at 18 n.6 ("regardless of the legal status of Bill 2491 at the conclusion of this case, the State of Hawaii will remain unaffected").)  Because the State's legal interest – i.e., its contractual interest in the leases with Plaintiffs – will be unaffected by the outcome of this lawsuit, the Court concludes that the State's absence in this case will not impair or impede its ability to protect its interest in the leases.  See Alto, 738 F.3d at 1125-26.  Accordingly, the State of Hawaii is not a required party under Rule 19 of the Federal Rules of Civil Procedure.[6]

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Judgment on the Pleadings (Doc. 63).  The Court concludes that it has proper jurisdiction over this action.

---

[6] In light of this Court's ruling that the State is not a required party, the Court need not address "whether joinder is feasible, or is barred by sovereign immunity" and "whether, in equity and good conscience, the suit should be dismissed."  Alto, at 1126 (noting that the Court proceeds to the second and third inquiries of compulsive joinder "[o]nly if [the court] determines that [the party] is a required party"); see also Disabled Rights Action Comm., 375 F.3d at 883 & n.17 (declining to address the second and third inquiries where the court concluded that the party is not a necessary party).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 23, 2014.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Syngenta, et al. v. County of Kauai, CIV. NO. 14-00014 BMK; ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS.